## MANSON VS. ROBINSON.

NEW TRIAL. *Should be granted when verdict in excess of amount claimed, unless excess remitted.*

The verdict for plaintiff being considerably in excess of the amount claimed in the complaint, a new trial should not have been denied, except upon condition that plaintiff enter a *remittitur* of the excess.

APPEAL from the Circuit Court for *Portage* County.

Summons for money demand of $350 and interest from May 1, 1866. The complaint alleges an indebtedness to that amount on account for logs, lumber, etc. Answer, a general denial. The jury brought in a verdict for $692.12. Defendant moved the court to set aside the verdict, because: 1st. The case was tried in the absence of the defendant and his witnesses. 2d. The verdict was largely in excess of the amount claimed in the complaint. In support of the motion, defendant's affidavit was filed to the effect that he had been misled as to the time when the cause would be reached on the calendar, and

Manson vs. Robinson.

that his ill health had prevented his being prepared for trial. Motion denied, with costs; and from the order denying the same, defendant appealed.

*J. O. Raymond*, for appellant, to the point that the verdict should have been set aside, unless the excess was remitted, in which case the order should have stated the fact of such remission, cited *Lester v. French*, 6 Wis., 580; *Dunbar v. Bittle*, 7 id., 143; *Pierce v. Northey*, 14 id., 9.    To the point that the affidavit read in support of the motion established a case of excusable neglect, and the court abused discretion in denying the relief asked for, counsel cited *Johnson v. Eldred*, 13 Wis., 482; *Butler v. Mitchell*, 15 id., 355; *Stoppelfeldt v. R. R. Co.*, 29 id., 688.

*Park & Jones*, for respondent, insisted that there had been a *remittitur* of the excess made in open court below, and entered on the minutes; that the order overruling motion for new trial was made on condition of *remittitur*, and no attempt has been made to enter judgment for more than demanded in the complaint; and that defendant's affidavit showed inexcusable neglect.

RYAN, C. J.    The verdict of the jury was considerably in excess of the amount claimed in the complaint.    Something is said in the briefs of counsel on the subject of a *remittitur*, but there is none in the record, to which alone we can look.    The motion for a new trial, if denied, should have been denied only upon condition that the respondent enter a *remittitur* of the excess.

The other grounds set up by the appellant for a new trial went to the discretion of the court below; and there does not appear to have been an abuse of a sound discretion in the denial of the motion, so far as it rested on those grounds.

But the order of the court below overruling the motion, without making it a condition of the order that the respondent should remit the excess of damages found by the jury, was erroneous, and must be reversed.

*By the Court.* — Order reversed.